UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 25-MJ-235 |
| v. : | |
| : | 18 U.S.C. § 1951(a) |
| **GEORGE CARR,** : | **(Interference with Interstate Commerce by Robbery)** |
| : | |
| **Defendant.** : | |
| : | |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

On or about August 1, 2025, within the District of Columbia, **GEORGE CARR**, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951(a), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **GEORGE CARR**, did unlawfully take and obtain, and attempt to take and obtain, property consisting of United States currency belonging to Scott's Beauty Supply, a commercial establishment located in Washington, D.C., from the presence of S.P. and J.L., employees of said establishment, and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

(**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a))

### FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Count One of this information, **GEORGE CARR** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

2. Upon conviction of any of the offenses alleged in Count One of this Information, **GEORGE CARR** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

**GEORGE CARR** shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Respectfully Submitted,

Jeanine Ferris Pirro
United States Attorney

By: */s/ Joshua Satter*
JOSHUA SATTER
Assistant United States Attorney
N.Y. Bar No. 5477112
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7566
Email: Josh.Satter@usdoj.gov