UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGE CARR,<br><br>Defendant. | CR 25-352-01 (EGS) |

**FILED**

DEC 09 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### GOVERNMENT'S STATEMENT OF OFFENSE
### IN SUPPORT OF GUILTY PLEA

I. **Elements of the Offense**

The essential elements of Count 1, Interference with Interstate Commerce by Robbery, each of which the Government must prove beyond a reasonable doubt are:

1. George Carr obtained property from another without that person's consent;

2. George Carr did so by wrongful use of actual or threatened force, violence, or fear;

3. As a result of George Carr's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree.

1

## II. Penalties for the Offense

The penalties for Count 1, in violation of 18 U.S.C. § 1951(a), are as follows:

- A maximum term of 20 years imprisonment;
- A fine not to exceed $250,000;
- A term of supervised release of not more than 3 years; and
- A special assessment of $100.

## III. Factual Proffer

Had this case gone to trial, the Government's evidence would have proven the following:

On August 1, 2025, at approximately 6:00 p.m., the defendant, George Carr, and an unidentified co-conspirator, entered a Scott's Beauty Supply store in Washington, D.C., wearing masks. Shortly after entering, the defendant grabbed a store employee by the back of his shirt, pointed a handgun at him, and ordered everyone in the store to lie on the ground.

The defendant then pressed the firearm to the back of the employee's head while the co-conspirator demanded that another store employee provide him with money from the store's cash register. The defendant and his co-conspirator obtained at least $200.00 in United States currency from the store's register before fleeing the establishment.

On October 2, 2025, the defendant admitted to law enforcement that he committed the charged offense with a firearm and successfully obtained United States currency from the Scott's Beauty Supply store referenced above.

This factual proffer is not intended to represent a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of

the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offense to which he is pleading guilty.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


*/s/ Joshua Satter*
JOSHUA SATTER
Assistant United States Attorney
N.Y. Bar No. 5477112
United States Attorney's Office
601 D. Street, NW
Washington, DC 20579
(202) 252-7566
Josh.Satter@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 11-10-25

George Carr

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 11-10-25

Gregory Rosen
Attorney for Defendant